IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

          Plaintiff,

vs.                           Case No. 11-40020-02-JTM

Gerard Lessard,

          Defendant.


MEMORANDUM AND ORDER

This matter is before the court on the defendant Gerald Lessard's Motion to Modify Sentence pursuant to Fed.R.Crim.Pr. 32.1. Lessard pled guilty to one count of filing a false tax return in violation of 18 U.S.C. § 7206(l), and was sentenced to a one year term of supervised release and restitution in the amount of $692,415.

Lessard filed his motion after the government indicated it intended to garnish his monthly social security payments, in the amount of $200. He notes that the judgment explicitly recognizes his need to care for his elderly father (Dkt. 74, at 4), and states that social security is his only income. He further asserts that to ensure the payment of the restitution, as a part of the plea and judgment he assigned promissory notes, gained from the sale of his business, in excess of $1 million. According to Lessard, the sale of the business is currently generating $21,000 a month to the government. Finally, he notes that

the judgment explicitly provides that "[i]nterest relative to restitution is waived." (*Id.*) Lessard seeks a modification "to provide that the payments made to the government pursuant to prior assignments far exceed current monthly income such that garnishment of social security payments would be excessive and unjust." (Dkt. 76, at 1).

The government opposes the motion, offering five arguments why the motion should be denied. First, it argues that, while the motion is styled a Rule 32.1 motion, this is misleading. Rule 32.1 governs the modification of supervised release, and Lessard is plainly not asking for a change in his supervised release status. Rather, the government argues that the motion is simply a disguised collateral attack on how the award of restitution is executed under 28 U.S.C. § 2241, and thus the motion is a violation of his plea agreement, which explicitly waived any appeal or collateral attack. Second, the government argues that Lessard's motion violates the Payment Agreement he entered into with the government, under which he explicitly agreed to monthly installment payments of $244, or not less than 10% of his gross household income. Third, in the Plea Agreement, Lessard explicitly acknowledged that he "understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment." (Dkt. 61 at ¶ 14e). Fourth, the government argues that Lessard has failed to exhaust his administrative remedies, as the social security charge is an offset against a government benefit rather than a "garnishment." Finally, the government argues that future payments under the promissory

notes are not secured or guaranteed, and the judgment explicitly provided that payment on the restitution should be paid immediately.

More generally, the government alleges that Lessard was placed on the Treasury Offset Program ("TOP"), "as it does all criminal defendants owing restitution." It also states that when defendant's counsel requested that he be removed from TOP, the government requested that Lessard submit additional financial information as to the proceeds from his business sales, and that Lessard filed the present motion rather than supplying the additional information.

In his Reply, Lessard argues generally that there was no "meeting of minds" as to the Payment Agreement, and that the government has all protected rights as an assignee under Kansas law. The court need not resolve these questions, as it determines that two independent rationales support the denial of the defendant's motion.

First, under Paragraph 10 of the Plea Agreement, the defendant comprehensively waived "any right to challenge ... or otherwise attempt to modify ... his sentence." This general waiver was subject to only four exceptions: (1) if the court departed upward from the guideline range, (2) the government appealed the sentence, (3) prosecutorial misconduct, or (4) ineffective assistance of counsel. None of these exceptions is applicable here.

Second, any claim of hardship must be presented administratively. 18 U.S.C. § 3613 gives the government the authority to enforce civil restitution orders through a TOP offset.

> The TOP is plainly an administrative practice and procedure under federal law that, by its terms, is available as a means to collect debts owed the United

States. The procedure is established by statute and administered under implementing regulations, which provide due process to debtors against whom offset is sought. While government counsel hyperbolically (and incorrectly) argues that "the offset process is an administrative process beyond the jurisdiction of this Court," *still, defendant must, in the first instance, seek administrative relief as prescribed by the statute and implementing regulations.* Judicial review of administrative processes and decisions is available, of course, but it is limited, and to obtain relief *defendant would generally be required to show arbitrary, capricious, or plainly unlawful conduct on the part of the administrative decision-makers.*

*United States v. Mayer*, No. 04-100-1-SM, 2010 WL 4916561, *1 (D.N.H. Dec. 3, 2010) (emphasis added).

The defendant correctly notes (Dkt. 81, at 3) that *Mayer* observes that a TOP offset under 31 U.S.C. § 3716 has several qualifications, such as written notice to the defendant of the proposed offset, but fails to note the observation by *Mayer* that such conditions may be presumed satisfied where the defendant fails to affirmatively charge their absence. 2010 WL 4916561, at *1-2. Here, the record before the court establishes that Lessard was notified of the TOP charge, and the defendant has had ample opportunity to review the charges against him; any opportunity for review of the of the TOP charge was forestalled by the present motion. Once such an administrative claim is presented, "[t]he collecting agency may offset less than the law permits, but it is not required to do so. That is a matter of administrative discretion, and the collecting agency is where [the defendant] must press his request." *Id.*

IT IS ACCORDINGLY ORDERED this 18th day of January, 2013, that the defendant's

Motion to Modify (Dkt. 76) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE